**E-Filed 10/2/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| R. AUBREEʹ GUANCIONE, LAND PATENT HOLDER, PARAMOUNT DEED TO PROPERTY<br><br>Plaintiff,<br><br>v.<br><br>JOHN G. STUMPF DBA THE PRESIDENT AND CEO OF WELLS FARGO (PURCHASER AND OWNER OF WACHOVIA MORTGAGE, FSB); ROBERT K. STEEL FORMERLY DBA THE PRESIDENT & CEO OF WACHOVIA BANKING; DAVID K. ZWIENER DBA THE SENIOR EXECUTIVE VP & CFO OF WACHOVIA OF BANKING,; DENNIS BROSNAN, DBA PRESIDENT AND CEO CAL-WESTERN RECONVEYANCE CORPORATION,<br><br>Defendants. | Case Number 5:09-CV-04684 JF (HRL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Docket Nos. 1 and 3 |

Plaintiff R. Aubreeʹ Guancione, proceeding *pro se*, seeks a temporary restraining order ("TRO") against John G. Stumpf, doing business as the President and CEO of Wells Fargo; Robert K. Steel, formerly doing business as the President and CEO of Wachovia Banking; David K. Zweiner, doing business as the Senior Executive VP & CFO of Wachovia of Banking; and Dennis Brosnan, doing business as President and CEO Cal-Western Reconveyance Corporation

Case No. 5:09-CV-04684 JF (HRL)
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO PROCEED IN FORMA PAUPERIS
(JFLC1)

1  (collectively, "Defendants"), prohibiting Defendants, or any of their agents, servants, employees,
2  or persons acting under them, from: 1) filing any further documents with any Country Recorder's
3  Office that attempt to assert a claim to the property at 1461 Forrestal Avenue, San Jose, CA
4  95110 ("the property"); 2) selling the property; 3) advertising the property for sale; 4) using any
5  California law enforcement officer, Santa Clara County Sheriff, San Jose Police Officer, or other
6  person acting under color of authority to eject or evict Plaintiff from the property; 5) seizure of
7  the property; 6) eviction of Plaintiff from the property; 7) falsely claiming that Plaintiff is in any
8  way damaging the real property at the property; 8) falsely claiming that Plaintiff is conducting
9  any illegal drug use on or in the property; 9) falsely claiming that Plaintiff is performing any
10 illegal activity on or in the property; and 10) posting or entering into the public record, or
11 continuing to post in the public record if filed on or after June 18, 2009, any Notice of
12 Foreclosure on the property.  Complaint at 68-70.

13      The standard for issuing a TRO is the same as that for issuing a preliminary injunction.
14 *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D.
15 Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320,
16 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show
17 either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the
18 existence of serious questions going to the merits and the balance of hardships tipping in the
19 movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc.
20 v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two
21 points on a sliding scale in which the required degree of irreparable harm increases as the
22 probability of success decreases.  *Roe,* 134 F.3d at 1402.  This Court cannot grant Plaintiff's
23 motion for a TRO as Plaintiff is unable to demonstrate a likeliness to succeed on the merits or
24 serious question going to the merits.

25      Federal Rule of Civil Procedure 8 requires a short plain statement of the plaintiff's claim.
26 Plaintiff has filed a complaint ninety-three (93) pages in length, much of which is unintelligible,
27 that contains numerous free-standing citations untethered to legal argument, including references
28

2

Case No. 5:09-CV-04684 JF (HRL)
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO
PROCEED IN FORMA PAUPERIS
(JFLC1)

to the Treaty of Guadalupe Hidalgo between the United States and Spain/Mexico, the War of Rebellion, *United States v. Cruikshank*, 92 U.S. 542 (1875), the Treaty of Peace of 1783, Noam Chomsky, and a long series of cases and a "US Treaty Law" governing "land patents." Even under the liberal pleading standards of Rule 8, and giving every consideration to the fact that Plaintiff is proceeding *pro se,* the complaint in its present form does not appear to allege a cognizable federal claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that Plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief'" and that it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2) and concluding that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.")

It appears that Plaintiff is contesting her eviction from or seizure of real property located at 1461 Forrestal Avenue, San Jose, California 95110 based on her possession of a "land patent" that would make her immune to default or eviction. Plaintiff also seeks monetary damages against all named "in personam defendants" in the amount of $10 million each. The complaint does not clearly identify the constitutional basis or federal statute upon which Plaintiff seeks such relief. Nor does Plaintiff name as defendants any of the banks or other financial institutions that may hold title to the property; instead, she names seven individuals "in personam" or "doing business as" a banking institution. Complaint at 29.

Plaintiff's request for a restraining order also is untimely. Documents of which Plaintiff herself requests judicial notice include notices of default and impending foreclosure on the subject property dated January 12, 2009 and September 4, 2009. *See* Plaintiff's Request for Judicial Notice, Exs. 7, 12. In addition, Plaintiff appears to have filed a claim regarding the same real property dispute in the California superior court on May 12, 2009. Under these circumstances, the alleged emergency described in the complaint appears to be of Plaintiff's own making; Plaintiff offers no explanation as to why she could not have sought relief in this Court at

3

an earlier date.

Plaintiff also has filed an application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). In its present form, the complaint fails to set forth any facts that would support a cognizable federal claim or any likelihood of success on the merits. Accordingly, Plaintiff's motion to proceed *in forma pauperis* will be denied without prejudice.

**IT IS SO ORDERED.**

DATED: 10/2/09

_____
JEREMY FOGEL
United States District Judge

4

Case No. 5:09-CV-04684 JF (HRL)
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO PROCEED IN FORMA PAUPERIS
(JFLC1)

1  This Order was served on the following persons:

2  R. Aubree' Guancione
c/o USPO PostMaster
3  POB 641641
San Jose, CA 95164

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. 5:09-CV-04684 JF (HRL)
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND APPLICATION TO
PROCEED IN FORMA PAUPERIS
(JFLC1)